**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| CLX LOGISTICS LLC,<br>        Plaintiff,<br>v.<br>CLX LOGISTICS LLC,<br>        Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

This is an action for federal and common law trademark infringement, federal unfair competition and false designation of origin, common law unfair competition, and unjust enrichment.

**PARTIES**

1.      Plaintiff, CLX Logistics LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the state of Delaware, with a business address at 960 Harvest Drive, Building A, Suite 200, Blue Bell, PA 19422.

2.      On information and belief, Defendant, CLX Logistics LLC ("Defendant") is a Texas corporation, having a place of business at 9005 Mines Road, Suite 2, Laredo, TX 78045.

**JURISDICTION AND VENUE**

3.      This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq*.  It also arises under principles of state common and statutory law.  Federal question jurisdiction is conferred pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and diversity jurisdiction is conferred pursuant to 28 U.S.C. § 1332.

1

4.    This Court has supplemental jurisdiction over the claims brought under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5.    Upon information and belief, Defendant is incorporated in the State of Texas. This Court has jurisdiction over Defendant.

6.    Venue in this Court is based upon 28 U.S.C. § 1391.

7.    Upon information and belief, Defendant has a place of business in Laredo, Texas.   The venue is proper.

## OPERATIVE FACTS

### PLAINTIFF AND THE CLX LOGISTICS MARKS

8.    Plaintiff is a global third-party logistics provider of transportation management systems, managed services, supply chain consulting and intermodal transportation services for a broad base of industry verticals, and a world leader in transportation logistics with market-leading intelligence and transportation services.

9.    Since at least as early as January 1, 2001 through the  current date, Plaintiff has offered transportation and supply chain management services in the United States, as Leaman Logistics LLC.  On June 28, 2012  the Company registered a Change of Name from  Leaman Logistics LLC to CLX Logistics LLC with the State of Delaware.   The Company has been in continuous operation since 2001 providing logistics services.

10.    Plaintiff is the owner by assignment of U.S. Trademark Registration No. 4,505,408, a copy of which is attached as Exhibit 1, for the word mark "CLX LOGISTICS" for "business management services, namely, managing logistics, reverse logistics, supply chain services, supply chain visibility and synchronization, supply and demand forecasting and product distribution processes for others" in International Class 35

2

(hereinafter referred to as the "CLX LOGISTICS Word Mark"). U.S. Trademark Registration No. 4,505,408 is valid, subsisting, and incontestable.

11.    Plaintiff is the owner of U.S. Trademark Registration No. 4,505,353, a copy of which is attached as Exhibit 2, for the stylized mark "CLX LOGISTICS" for "business management services, namely, managing logistics, reverse logistics, supply chain services, supply chain visibility and synchronization, supply and demand forecasting and product distribution processes for others" in International Class 35 (hereinafter referred to as the "CLX LOGISTICS Stylized Mark"). U.S. Trademark Registration No. 4,505,353 is valid, subsisting, and incontestable.

12.    Examples of various depictions and uses of the trademark, in various representations and styles, are shown in attached as Exhibit 3, including web pages from Plaintiff's website at the URL https://clxlogistics.com/ ("Plaintiff's Website"). An illustrative screen capture of a web page from Plaintiff's Website is shown below:



13.    Plaintiff has used the CLX LOGISTICS Word Mark, and CLX LOGISTICS Stylized Mark, as well as the depictions shown in Exhibit 3 (all collectively referred to as

the "CLX LOGISTICS Marks") for Plaintiff's services (hereinafter referred to as "CLX LOGISTICS Services") in interstate commerce in the United States since at least as early as 2012.

14.     Since long prior to any act of Defendant complained of herein, Plaintiff has used the CLX LOGISTICS Marks in connection with the CLX LOGISTICS Services.

15.     The CLX LOGISTICS Marks are inherently distinctive and all designate Plaintiff as the source of its CLX LOGSTICS Services.

16.     As a result of its widespread and continuous use of the CLX LOGISTICS Marks in interstate commerce for more than a decade to identify Plaintiff's CLX LOGISTICS Services, Plaintiff has established and owns valid and subsisting federal statutory and common law rights in the CLX LOGISTICS Marks.

17.     As a result of Plaintiff's extensive use of the CLX LOGISTICS Marks, Plaintiff has built up and owns valuable goodwill that is symbolized by the CLX LOGISTICS Marks.  Relevant consumers and the trade have come to associate the CLX LOGISTICS Marks exclusively with Plaintiff.

18.     Plaintiff has expended considerable resources, time and energy in developing and maintaining the CLX LOGISTICS Marks as a primary source identifier for its CLX LOGISTICS Services.

19.     Plaintiff has built substantial goodwill with the relevant consuming public and the trade, such that the CLX LOGISTICS Marks have become associated solely with Plaintiff.

8387229.2

20.     By virtue of the over twelve (12)  years of use of the CLX LOGISTICS Marks, the CLX LOGISTICS Marks have acquired distinctiveness and achieved a secondary meaning.

21.     The CLX LOGISTICS Marks are valuable intellectual property assets for Plaintiff.

## DEFENDANT'S INFRINGING ACTS

22.     Upon information and belief, well after Plaintiff established rights in the CLX LOGISTICS Marks in the United States, in or around 2022, Defendant began to offer transportation and related services in the United States, under the service marks and names "CLX LOGISTICS" and/or "CLX Logistics" (hereinafter collectively and/or individually referred to as "the Infringing Marks"), and to use the Infringing Marks in commerce in the United States.

23.     Upon information and belief, Defendant operates in the United States as "CLX LOGISTICS" and/or "CLX Logistics."

24.     Upon information and belief, Defendant operates, is associated with, or advertises and promotes its business via, the internet website at the URL https://clxlogistics.net/ ("Infringing Website"). Copies of relevant web pages from the Infringing Website are attached as Exhibit 4, using the Google translate feature to English.

25.     As shown by Exhibit 4, the Infringing Website depicts images, such as shipping containers, along with the Infringing Mark, in a manner similar to Plaintiff's Website depicted above. For example, an illustrative screen capture of a web page from the Infringing Website is shown below, and is strikingly similar to Plaintiff's Website:



26.     Defendant's services offered under the Infringing Marks are either the same services as the CLX LOGISTICS Services or are similar or related to the CLX LOGISTICS Services. For example, the Infringing Website lists various shipping services via ship, land, truck, and railway. As stated on the Infringing Website, "We are a 4PL company with more than 15 years of experience. We seek to exceed the expectations of our clients, through the implementation of complete and innovative solutions." "4PL" relates to "a fourth-party logistics provider," a term used in supply chain management.

27.     The Infringing Website states, *inter alia*, that its mission is to "[p]rovide quality and efficient transportation services in order to make this industry to outstand in supply chain," and its vision is to "[g]enerate global and strategic logistics solutions for out business partners, increasing their supply chain efficiency."

28.     Like Plaintiff, Defendant provides transportation and supply chain management services, including, *inter alia*, "solving, updating and reporting the status of all shipments in real time," as shown by Exhibit 4.

8387229.2

29.     Defendant has been using and continues to use the Infringing Marks to provide, advertise, and promote services identical or related to Plaintiff's CLX LOGISTICS Services.

30.     Defendant has registered the company name "CLX LOGISTICS LLC" with the State of Texas, on or around 2022, well after Plaintiff's federal registration for "CLX LOGISTICS".

31.     Defendant's use of the Infringing Marks in the manner described herein is has created or is likely to create confusion in the minds of reasonable customers, potential customers, and/or those in the trade, to the detriment of Plaintiff, as to the source of Defendant's services.

32.     Defendant's use of the Infringing Marks, which is a colorable imitation of Plaintiff's CLX LOGISTICS Marks, in connection with Defendant's services has caused or will cause customers, potential customers, and those in the trade, to mistakenly attribute the properties and reputation of Plaintiff's services to those of Defendant.

33.     Plaintiff has no control over the quality of services which are provided, promoted, advertised, and sold by Defendant, with the result that Plaintiff's valuable goodwill with respect to its CLX LOGISTICS Marks may be irreparably injured by the acts of Defendant complained of herein.

34.     Upon information and belief, Defendant's adoption and use of the Infringing Marks, was and is with full knowledge of Plaintiff and Plaintiff's CLX LOGISTICS Marks.

35.     As a result of the acts and activities complained of herein, Plaintiff has sustained irreparable damage and has no adequate remedy at law.

8387229.2

36.     The activities of Defendant, complained of herein, have caused, and unless restrained and enjoined by the Court will continue to cause, irreparable harm, damage and injury to Plaintiff.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

37.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

38.     This cause of action arises under the trademark laws of the United States, 15 U.S.C. § 1114.

39.     Defendant is using the Infringing Marks, or marks that are confusingly similar to the CLX LOGISTICS Marks, in United States interstate commerce without authorization from Plaintiff.

40.     Upon information and belief, Defendant's wrongful uses of essentially an identical copy of the CLX LOGISTICS Marks include, but are not limited to, use in connection with Defendant's Services, and use on informational and promotional materials, including, but not limited to, websites and posts on social media.

41.     Defendant's use of the Infringing Mark is likely to cause and/or has caused confusion, mistake, and/or deception among the trade and purchasers as to the source of Defendant's Services or as to Defendant's affiliation, connection, approval, or association with Plaintiff.

42.     Defendant's actions complained of herein constitute trademark infringement in violation of 15 U.S.C. § 1114.

43.     Defendant's trademark infringement has caused, and will continue to cause, Plaintiff to suffer damage to its business, reputation, good will, profits, and the strength of its trademarks, and is causing ongoing irreparable harm to Plaintiff for which there is no adequate remedy at law.

44.     Upon information and belief, Defendant's infringement and other tortious acts complained of herein have been willful and deliberate and represent an attempt by Defendant to misappropriate the goodwill developed by Plaintiff and associated with its CLX LOGISTICS Marks, and Defendant has done so in order to obtain recognition and advantage in the marketplace which they would not otherwise possess.

45.     Defendant's trademark infringement and other tortious acts complained of herein have continued after Defendant's actual knowledge of Plaintiff's rights in and to the CLX LOGISTICS Marks. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

46.     Defendant has profited from their unlawful actions and have been unjustly enriched to the detriment of Plaintiff.

47.     Defendant's unlawful actions have caused Plaintiff monetary damage in an amount presently unknown, but in an amount to be determined at trial.

48.     As a result of Defendant's aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its CLX LOGISTICS Marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

**COUNT TWO**
**FEDERAL UNFAIR COMPETITION AND**
**FALSE DESIGNATION OF ORIGIN**

49.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

50.     This cause of action arises under the trademark laws of the United States, 15 U.S.C. § 1125(a).

51.     Defendant's actions complained of herein constitute unfair competition, false designation of origin, palming off, and/or false description or representation in violation of 15 U.S.C. § 1125(a).

52.     Defendant has adopted and is now using an imitation of Plaintiff's CLX LOGISTICS Marks, for services which are substantially similar to those offered by Plaintiff.

53.     Defendant's use of an imitation of Plaintiff's CLX LOGISTICS Marks in connection with Defendant's services has caused or will cause customers, potential customers, and past customers to attribute mistakenly the good will and reputation of Plaintiff's services to those of Defendant's.

54.     The use by Defendant of the Infringing Marks in connection with Defendant's services and to advertise and promote Defendant's services, constitutes unfair competition, a false description and representation, and a false designation of the origin of Defendant's services, all in violation of 15 U.S.C. § 1125(a).

55.     Further, the provision and maintenance of Plaintiff's services, and associated goodwill, required the investment of extensive time, labor, skill, and money.

8387229.2

Defendant has used the Infringing Mark to offer services that are in competition with Plaintiff's CLX LOGISTICS Services.  Defendant has been burdened with little or none of the expenses incurred by Plaintiff.  There has been commercial damage to Plaintiff.

56.     As a result of said unfair competition and false designation of origin, Plaintiff has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

57.     Defendant has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiff.

58.     As a result of Defendant's aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT THREE
## COMMON LAW TRADEMARK INFRINGEMENT

59.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

60.     Defendant's actions complained of herein constitute acts of trademark infringement in violation of the common law of the State of Texas.

61.     Plaintiff is the owner of valid, subsisting common law trademark rights in the CLX LOGISTICS Marks.

62.     Defendant has used reproductions and/or colorable imitations of Plaintiff's CLX LOGISTICS Marks, without Plaintiff's consent, in connection with the sale, offering for sale, distribution, and/or advertising of Defendant's services.

63.     The use by Defendant of the Infringing Marks has caused or is likely to cause confusion among purchasers and the relevant trade.

64.     As a result of Defendant's aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its marks.  This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

## COUNT FOUR
## COMMON LAW UNFAIR COMPETITION

65.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

66.     Defendant's actions complained of herein constitute acts of unfair competition in violation of the common law of the State of Texas.

67.     By means and as a result of said unfair competition, Plaintiff has suffered and continues to suffer serious and substantial injury, including irreparable injury for which it has no adequate remedy at law.

68.     As a result of Defendant's aforesaid conduct, Plaintiff has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its marks.  This continuing loss of goodwill cannot be properly

8387229.2

calculated and thus constitutes irreparable harm and an injury for which Plaintiff has no adequate remedy at law.  Plaintiff will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

**COUNT FIVE**
**UNJUST ENRICHMENT**

69.     Plaintiff realleges and incorporates each and every allegation contained in the paragraphs above with the same force and effect as if said allegations were fully set forth herein.

70.     This cause of action arises under the common law.

71.     By the acts and activities complained of herein, Defendant has been unjustly enriched.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff PRAYS FOR RELIEF from the actions and conduct of Defendant as follows:

A.     That Defendant, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be enjoined permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

i.     directly or indirectly infringing Plaintiff's CLX LOGISTICS Marks;

ii.     passing off, inducing or enabling others to sell or pass off any services provided by Defendant as originating from Plaintiff, where such services are not Plaintiff's services or are not rendered by or under the control or supervision of Plaintiff and/or approved by Plaintiff;

8387229.2

iii.     directly or indirectly engaging in any acts or activities calculated to trade upon and/or tarnish Plaintiff's CLX LOGISTICS Marks, and/or the reputation or goodwill of Plaintiff, or in any manner to compete with Plaintiff unfairly;

iv.     using, in the sale, offering for sale, promotion, advertising, marketing and/or distribution of its goods or services, the Infringing Marks or any colorable imitation of the CLX LOGISTICS Marks, or any mark which is a variant of, simulates or imitates or is confusingly similar to the CLX LOGISTICS Marks, in such a manner as to deceive, or to falsely describe or represent the source of the services or otherwise create confusion upon the purchasing public or the trade;

v.     further violating Plaintiff's property rights and/or goodwill; and

vi.     from otherwise competing unfairly with Plaintiff in any manner whatsoever;

B.     That Defendant be required to deliver up to Plaintiff for destruction, all promotional materials, brochures, advertisements, signage, packaging, labeling, and other communications to the public in the possession or under its control bearing thereon any material or representations that are or may be false or misleading concerning the source of origin of the services offered by Defendant;

C.     That Defendant be ordered to take all necessary and appropriate steps to recall for destruction and remove from commerce all materials bearing the Infringing Marks or any colorable imitation of Plaintiff's CLX LOGISTICS Marks;

D.     That Defendant be ordered to withdraw and cancel its company name registration with the State of Texas for "CLX LOGISTICS LLC", and that Defendant be

8387229.2

ordered not to register another company name confusingly similar to Plaintiff's CLX LOGISTICS Marks;

E.     That Defendant be directed to pay over to Plaintiff all profits realized by it from its unlawful acts herein complained of, and that such profits be trebled;

F.     That Defendant be directed to pay over to Plaintiff all damages suffered by Plaintiff as a result of Defendant's acts herein complained of, and that such damages be trebled;

G.     That Defendant's infringement is intentional and willful and that Plaintiff be awarded enhanced damages;

H.     That Plaintiff be awarded punitive damages;

I.     That Plaintiff be awarded compensatory damages in an amount yet to be determined for Defendant's acts complained of herein and/or statutory damages;

J.     That Plaintiff be awarded its reasonable attorneys' fees and costs of suit herein;

K.     That Plaintiff be awarded pre-judgment and post-judgment interest; and

L.     That Plaintiff be granted such other and further relief, legal, and equitable, as this Court shall deem just and appropriate.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

8387229.2

Respectfully submitted,


By:      /s/ *Baldemar Garcia Jr.*
         Baldemar Garcia Jr
         Texas Bar No. 00790740
         S.D. Tex. # 18323
         Person Mohrer Morales
         Boddy Garcia Gutierrez (PMBG), PLLC
         602 East Calton Road, Suite 202
         Laredo, Texas 78041
         bgarcia@pmbglaw.com
         voice 956.727.4411
         facsímile 956.727.7765
         attorney-in-charge for plaintiff CLX Logistics, LLC


Of Counsel:

Michael F. Snyder
Bar # PA 76,386
Ryan O'Donnell
Bar # PA 89,775
Volpe King
30 S. 17th Street, 18th Floor
Philadelphia, PA 19103
msnyder@vklaw.com
rodonnell@vklaw.com
voice 215.568.4600
facsimile 215.568.6499

8387229.2